UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT, et al.,<br><br>Defendants. | No. 2:19-cv-0435 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint is before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Amended Complaint

Plaintiff now sues the Sacramento County Courthouse, the People of the State of California, and Deputy District Attorney Jason Stration alleging false arrest and false imprisonment. Plaintiff claims that he was held for seven days straight before being brought before a magistrate in violation of California Penal Code § 825. Plaintiff states his lawyer Amanda Massimini brought it to the state judge's attention on October 19, 2018, but forced plaintiff to take a no contest plea bargain. Plaintiff seeks money damages and unspecified declaratory relief.

////

Discussion

Initially, the court notes plaintiff has not named a proper defendant. The Sacramento County Courthouse and the "People of the State of California" are not proper defendants. 42 U.S.C. § 1983. In addition, the deputy district attorney is entitled to absolute prosecutorial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities.").

The court has reviewed the complaint pursuant to § 1915A and finds it must be dismissed because the claims asserted in the complaint are solely based on state law.[1] Plaintiff relies on California Penal Code section 825 which appears to require that arrestees in California are to be brought before a magistrate for an in-person hearing within 48 hours of arrest. Id. However, this court cannot consider California law as a basis for section 1983 liability. Indeed, the "Constitution does not require a personal appearance." Jones v. City of Santa Monica, 382 F.3d 1052, 1055 (9th Cir. 2004) ("Just as probable cause for an arrest warrant may be determined without an appearance by the suspect, so may probable cause for detention after a warrantless arrest."); see also Brainerd v. Cty. of Lake, 357 F. App'x 88, 91 (9th Cir. 2009). Also, the Constitution does not require that an arrestee's probable cause determination coincide with his first appearance before a magistrate or the process by which bail is set. Gerstein v. Pugh, 420 U.S. 103, 123-24 (1975) ("It may be found desirable, for example, to make the probable cause determination at the suspect's first appearance before a judicial officer or the determination may be incorporated into the procedure for setting bail or fixing other conditions of pretrial release ... .") (internal quotations omitted); Jones, 382 F.3d at 1055 ("Although the Supreme Court . . .

---

[1] While the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims, plaintiff must first identify a source of federal jurisdiction before supplemental jurisdiction may be exercised.

3

stated that States may choose to incorporate a post-arrest probable cause determination into the suspect's first appearance before a judicial officer or into the procedure for setting bail (thereby involving a personal appearance), such incorporation was a suggestion, not a constitutional requirement.") (internal quotations omitted).

Finally, if plaintiff wishes to challenge his no contest plea as involuntary, he must do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Leave to Amend

While it is unclear whether plaintiff can amend to identify a constitutional violation, in an abundance of caution, the court will grant plaintiff one final opportunity to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his amended complaint, plaintiff must list all individuals named as defendants in both the case caption as well as in the defendants' section of the pleading. Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[2] See Fed. R. Civ. P. 20(a)(2).

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law

1   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2   make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
3   complaint be complete in itself without reference to any prior pleading. This requirement exists
4   because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez
5   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
6   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
7   omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any
8   function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
9   and the involvement of each defendant must be sufficiently alleged.
10  Finally, plaintiff is cautioned that 28 U.S.C. § 1915(g) provides that if a prisoner brings
11  three actions or appeals that have been dismissed as frivolous, malicious, or for failure to state a
12  claim, he will not be permitted to file a new civil action or appeal unless he is under imminent
13  danger of serious physical injury. Id.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended

////

---

or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner under 42 U.S.C. § 1983.

Dated: July 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0435.14amd

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY DEWAYNE LEE TURNER,       | No. 2:19-cv-0435 TLN KJN P |
|---|---|
| Plaintiff,                        |                            |
| v.                                | <u>NOTICE OF AMENDMENT</u> |
| UNITED STATES DEPARTMENT, et al., |                            |
| Defendants.                       |                            |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____     Second Amended Complaint

DATED:

                                                                _____
                                                                Plaintiff