UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:19-cv-0435 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES DEPARTMENT, et al, | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding without counsel. Plaintiff filed a motion for a 180-day extension of time to file a second amended complaint. Plaintiff argues that due to the conflicts in the law library, overcrowding, and no law books to cite the law, as well as delays in getting to the law library, it is "impossible to have immediate access to the courts," and therefore seeks a six-month extension of time. (ECF No. 15 at 1.)

Plaintiff's arguments do not support such a lengthy extension of time; indeed, most prisoners are subject to delays in accessing the law library. Moreover, plaintiff is reminded that a complaint is focused on facts; legal citations are not required. The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996). Indeed, the Federal Rules of Civil Procedure provide an example of how "dramatically short and plain" a complaint can be. <u>McHenry</u>, 84 F.3d at 1177:

////

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

Fed. R. Civ. P. Form 9.

Further, the instant record does not support such a lengthy extension of time. The record reflects that it is unclear whether plaintiff can state a cognizable federal civil rights claim. In his original complaint, plaintiff named the "United States Department" as a defendant in the caption, but named only Wells Fargo bank tellers in the defendants' section, but then included three wholly unrelated causes of action: identity theft; challenges related to his plea bargain; and alleged mistreatment in medical care prior to being taken into jail custody. (ECF No. 1.) All of those allegations failed to state cognizable civil rights claims. Plaintiff's amended complaint failed to name a proper defendant and raised claims solely based on state law, again failing to state cognizable civil rights claims. Plaintiff was reminded that if he wished to challenge his no contest plea, he must do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] (ECF No. 14 at 4.) Also, to the extent plaintiff seeks damages, plaintiff is advised that he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

In addition, a prisoner may not bring a § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is

---

[1] Before plaintiff pursues habeas relief in federal court, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Under these authorities, plaintiff may only file an amended pleading that raises claims for which he exhausted all available administrative remedies prior to the filing of this action on March 11, 2019.

Therefore, to the extent plaintiff needs extended law library access in order to search for and find a federal civil rights claim, it may be that he prematurely filed this action.  If so, plaintiff may seek to voluntarily dismiss this action and choose to file it once he identifies his federal claims and exhausts his administrative remedies as to such claims.  If not, plaintiff is advised that it is incumbent upon him to diligently prosecute this action he chose to file in federal court.

Finally, plaintiff is cautioned that by signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a 180-day extension of time (ECF No. 15) is denied; and

2. Plaintiff is granted forty-five days from the date of this order in which to file a second amended complaint, or he may file a notice of voluntary dismissal and this action will be dismissed without prejudice.  No further extensions of time will be granted.

Dated:  August 2, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn0435.36